UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAMON CHAVEZ,<br><br>　　　　　Defendant. | No. CR-05-134-FVS<br><br>ORDER DENYING MOTIONS TO DISMISS |

**THE DEFENDANT** came before the Court on November 17, 2005, for a pretrial conference. He was represented by Mr. George P. Trejo, Jr.; the government by Assistant United States Attorney Jared C. Kimball. This order serves to memorialize the Court's oral rulings regarding the defendant's separate motions to dismiss.

**BACKGROUND**

The defendant was originally charged in state court. The prosecutor offered the defendant a plea agreement. Negotiations ensued. The prosecutor allegedly advised the defendant that he had discussed the defendant's case with an Assistant United States Attorney and that if the defendant refused to plead guilty in state court, the prosecutor would refer the matter to federal authorities and a federal charge would be filed. The defendant refused the state prosecutor's offer. During July of 2004, the prosecutor obtained

ORDER - 1

dismissal of the state charge and asked federal authorities to review the matter. Approximately one year after the state charge was dismissed, a federal grand jury returned an indictment charging the defendant with the crime of being a felon in possession of a firearm. 18 U.S.C. 922(g)(1). The defendant moves to dismiss. To begin with, he argues the government is acting vindictively. In addition, he argues the government has violated his right to timely indictment.

**VINDICTIVE PROSECUTION**

The government deprives a person of due process in violation of the Fifth Amendment by charging him with a crime in retaliation for exercising a statutory, procedural or constitutional right. *See United States v. Robison*, 644 F.2d 1270, 1272-73 (9th Cir.1982) (citing, among other authorities, *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)). The defendant alleges the government is retaliating against him for refusing to plead guilty in state court. In order to establish a prima facie case of prosecutorial vindictiveness, "a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Sinigaglio*, 942 F.2d 581, 584 (9th Cir.1991) (citing *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir.1982)). The defendant's vindictive prosecution claim faces three obstacles. To begin with, a prosecutor may threaten more severe charges as part of an effort to persuade the defendant to give up his right to plead not guilty. *Bordenkircher v. Hayes*, 434 U.S. 357, 364-65, 98 S.Ct. 663, 668-69, 54 L.Ed.2d 604 (1978). Moreover,

state officials may refer a case to their federal counterparts in order to obtain more severe penalties. *United States v. Nance*, 962 F.2d 860, 864-65 (9th Cir.1992) (*per curiam*).  Finally, the Ninth Circuit has questioned whether a prosecution may be considered vindictive "when the defendant's claim is that one sovereign is punishing him for rights he asserted against a different sovereign." *Robison*, 644 F.2d at 1273.  Indeed, the circuit court has observed, "The role of a separate sovereign in bringing increased charges minimizes the likelihood of prosecutorial abuse." *United States v. Ballester*, 763 F.2d 368, 370 (9th Cir.), *cert. denied*, 474 U.S. 842, 106 S.Ct. 126, 88 L.Ed.2d 103 (1985).  Viewing the facts of this case in light of the preceding principles, there is no reason to allow the defendant to conduct discovery in support of his vindictive prosecution claim or to require the government to justify its decision to seek the instant charge.  *See United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (9th Cir.1990) ("a criminal defendant may be entitled to discovery if he or she establishes a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense").  Instead, the defendant's motion to dismiss on grounds of vindictive prosecution will be denied.

**PRE-INDICTMENT DELAY**

The defendant moves to dismiss on the ground that the government's delay in seeking his indictment violated the Constitution.  Pre-indictment delay is measured under the Due Process Clause of the Fifth Amendment.  *United States v. Romero*, 585 F.2d 391,

398 (9th Cir.1978), *cert. denied*, 440 U.S. 935, 99 S.Ct. 1278, 59 L.Ed.2d 492 (1979).  The defendant must establish two things in order to demonstrate that the government deprived him of due process by pre-indictment delay:  "1) he must prove that he suffered actual, non-speculative prejudice from the delay; and 2) he must show that the delay, when balanced against the government's reasons for it offends those fundamental conceptions of justice which lie at the base of our civil and political institutions."  *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir.2004) (internal punctuation and citations omitted). To date, the defendant has submitted no evidence of prejudice.  Absent evidence of actual, non-speculative prejudice, the government is under no obligation to justify the pre-indictment delay.  Instead, the defendant's motion to dismiss on this ground will be denied.

**IT IS HEREBY ORDERED:**

1. The defendant's "Motion to Dismiss Based on Vindictive Prosecution" (**Ct. Rec. 61**) is denied.

2. The defendant's "Motion to Dismiss Based on a Violation of Right to a Speedy Trial" (**Ct. Rec. 63**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __21st__ day of November, 2005.

                                             s/Fred Van Sickle
                                                Fred Van Sickle
                                 United States District Judge